7534

### SYMMES v. CAUBLE.

TRUST DEED.—Under a deed conveying property in trust to collect the rents and profits and pay over the same "to the use of C. during the time of his natural life or until some attempt is made to attach, levy upon or sell the interest of C. in the trust estate, or to have the same assigned" then over, the rents and profits accruing during life time of C. and still in the hands of the trustee is subject to the trust, and in event of his creditors attempting to apply the proceeds in hand of trustee to his debts his interest ceases and the fund goes over under the trust.

Before SHIPP, J., Greenville, August, 1909.    Affirmed.

Action by Whitner Symmes against J. O. Cauble and T. E. Harris. From judgment for defendants, plaintiff appeals.

*Messrs. J. H. Heyward* and *J. J. McSwain,* for appellants. *Mr. McSwain* cites: *Deed should be strictly construed against Cauble:* 26 Ency., 138. *True test:* 4 Rich. Eq., 523;

52 S. C., 91; 56 S. C., 46; 26 Ency., 138-9. *Liability of income:* 28 Ency., 944; 86 Am. Dec., 513; 13 Alt., 927; 44 Am. Dec., 105. *Not exempted:* 79 Am. St., 304; 12 Am. St. R., 467; 67 Id., 334; 108 Id., 380; 18 L. R. A., 49; 12 L. R. A., 37; 57 L. R. A., 384; 9 L. R. A., 599; 52 Id., 641; 91 U. S., 716; 26 Ency., 138-44; 28 Ency., 943-5; 52 S. C., 88; 5 Wall., 441. *Right of Cauble is absolute:* 65 Am. St. R., 860. *Income vests in Cauble:* Pom. Eq. Jur., sec. 989; 28 Ency., 945; 93 Am. St. R., 944.

*Messrs. Haynsworth, Blythe & Haynsworth,* contra, cite: *Corpus not subject to debts of C.:* 4 Rich. Eq., 46; 26 Ency., 138-9, 141; 9 Am. St. R., 406; 57 L. R. A., 384; 24 A. St. R., 682.

April 4, 1910. The opinion of the Court was delivered by

Mr. Justice Woods. The plaintiff, Whitner Symmes, recovered judgment against J. O. Cauble on July 27, 1886, for $2,774.62. Suit was instituted on this judgment by leave of the Court and a new judgment entered against Cauble on December 24, 1904, for $4,082.73, the balance due. Thereafter the plaintiff obtained an order in supplementary proceedings under which testimony was taken by the master and reported to the Court. On this testimony counsel for plaintiff applied for the appointment of a receiver, contending that there was evidence of the existence of property of the judgment debtor, subject to his debts, in the hands of Mary W. Cauble, his wife. The appeal is from a decree of the Circuit Judge refusing to appoint a receiver.

As the appointment of a receiver was refused on the ground that there was no evidence that the judgment debtor had property in the hands of his wife subject to his debts, it is necessary to make a short statement of the evidence introduced. On December 9th, 1885, J. O. Cauble conveyed to his brother, W. H. Cauble, by a deed expressing the consid-

eration of $4,000.00, his one-fourth interest in the estate of his father, H. A. Cauble. On December 1st, 1891, W. H. Cauble conveyed the same interest in the same property to Mary W. Cauble, the wife of J. O. Cauble, for the consideration expressed of five dollars and "the natural love and affection which I have and bear to my brother, J. O. Cauble, and his children," the conveyance being upon the following trusts:

"In trust, nevertheless, and to and for the uses, interest and purposes hereinafter limited, described and declared; that is to say: To the use of me, the said William H. Cauble, and to permit me to use all of said property without impeachment of waste, and to rent or lease the same as I may see fit, and collect and enjoy the rents and profits thereof during the term of my natural life; and from and immediately after my death, upon trust, to take charge of said property, receive the issues, rents, and profits thereof, and apply the same to the payment of the taxes as they become due and payable, to the payment of the expenses of keeping said premises in good repair, and to the use of the said J. O. Cauble during the term of his natural life; or until some attempt be made to attach, levy upon or sell the interest of the said J. O. Cauble in the said trust estate, or to have the same assigned, under some proceeding either in law or in equity, and upon said attempt being made for any of the purposes aforesaid, the interest of the said J. O. Cauble shall immediately cease and determine, and shall vest in the child or children of the said J. O. Cauble during the term of his natural life, and at the death of the said J. O. Cauble, or as soon thereafter as it may be practicable, upon trust, to sell said property, or such interest or estate as I may have therein, either at public or private sale, and divide the proceeds of the sale among the children of the said J. O. Cauble, share and share alike."

This deed was not recorded.

W. C. Gibson, the agent having the property in charge, testified that he paid over to Mrs. Mary W. Cauble as trustee under the deed, as her share of the net income received by him from the trust property from 1905 to 1909, several sums aggregating $6,313.24.

J. O. Cauble testified that since the execution of the trust deed Mrs. Cauble has been in posssssion of the property conveyed, has received the rents and has not turned them over to him. Cauble further testified that he supposed that it took about a hundred dollars a month to support his family— that it took all he could make. Mrs. Cauble testified that when she married, her father gave her several hundred dollars, and that all the remainder of her property came through the Cauble estate; that Cauble paid the grocery bills and she paid the other family expenses.

This testimony tends to show that Mrs. Cauble has received and has retained in her hands considerable sums of money, the income of the trust estate, which by the trust deed she was required to pay over to Cauble. Had she paid over this money to him it would have been his absolute property, freed from the trust, and in his hands it would have been subject to the claims of creditors. But while the income remains in her hands it continues a part of the trust estate, until the trust is completely discharged by payment to the *cestui que trust.* This seems obvious from the application of the principle that a deed speaks at its execution; and inasmuch as the trustee had under the deed active duties to perform with respect to both the income and the corpus of the trust estate, she held the legal title to the land and the income until she had disposed of them as directed by the deed. Hence, the accrued rents in her hands remained a part of the trust estate until actually paid over to her husband. In the leading case of *Heath* v. *Bishop,* 4 Rich. Eq., 46, it is true the Court lays down this broad and salutary doctrine: "I am not aware of any form or mode by which property, with the present right of several enjoyment, as to

either the corpus or the income, may be given to or enjoyed by one, and not be liable for the payment of his debts." But the income which the judgment creditor in this case is endeavoring to subject is not property which the debtor was given the present right to enjoy at the creation of the trust; on the contrary, it is property which has accrued since the trust was created and is now in the hands of the trustee as part of the trust estate. Being "a part of the interest of J. O. Cauble in the trust estate," which the deed provides shall cease to exist in him and go to his children when any attempt is made to attach, levy upon or sell his interest, or to have the same assigned, the accrued income ceased to be the property of Cauble as soon as the plaintiff instituted these proceedings.

The right of a grantor to make this condition in his deed was thus laid down in the following language of Chancellor Dargan in *Heath* v. *Bishop, supra:* "A testator or donor may give property with a limitation annexed, that it shall revert, or pass to some third person, on the bankruptcy or insolvency of the first taker, or on an attempt by a creditor to subject it to the payment of his debts; and such a limitation would be valid. Or in the cases of trust, by the machinery of a shifting use, or a power of revocation, the estate might be made to pass away from the first taker, upon the same or any other contingencies within the period prescribed against perpetuities. It is obvious that such cases as these constitute no exception. For the very circumstances that cause the equitable estate of the debtor to be liable, cause it also to pass from him and cease to be his property. In the instances supposed, the insolvency of the debtor, or the attempt of the creditor to make the property liable, destroys the debtor's estate. When the creditor reaches forth his hand to grasp it, it eludes him and flits away like a shadow." *Howe* v. *Gregg,* 52 S. C., 88, 29 S. E., 394; *Bank* v. *Garlington,* 54 S. C., 413, 32 S. E., 513.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

Mr. Justice Gary *dissents.*